

Gerald C. Mann
~~~~~~~~~~~~~~~~
ATTORNEY GENERAL

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

March 3, 1939

Hon. John R. Shook,
Criminal District Attorney
Bexar County,
San Antonio, Texas

Dear Sir:

Opinion No. O-396
Re: Members of Hospital Board of
Bexar County organized under
Article 4437a are not de
facto officers. Contracts
of employment made by such
Board are not binding on the
county.

Your letter of February 24, 1939, submits the following questions:

"Would the fact that a board appointed under
the provisions of Article 4437a, R.C.S., which
was subsequently declared to be holding office
illegally by the commissioners' court but which
had actually entered upon the discharge of its
duties, be a de facto board which could bind
Bexar County on contracts of employment, and thus
render the county liable for services?

"Would the employees of the board herein-
above mentioned who had entered upon the dis-
charge of the duties imposed upon them by the
board, and who are still ready, able and will-
ing to discharge the services required of them
until the termination of their alleged contracts,
to-wit: August 1, 1939, have a valid claim against
Bexar County under the decision of Sluder vs. City
of San Antonio, 2 S. W. (2), 841?"

In state vs. Gillette's Estate et al, 10 S. W. (2d) 984,
the court says:

"It is also urged that the court in ques-
tion should be treated as a de facto court, and
that, even though the statute creating the
'County Court at Law of Eastland County, Texas,'
be unconstitutional, that the judge thereof, for
the sake of public policy, and the protection of
private rights, should be recognized as an offi-
cer de facto until the unconstitutionality of the
act has been judicially determined. In other
words, it is urged that a de facto officer may

exist, though there be no de jure office. We
cannot uphold this contention. There can be no
officer, either de jure or de facto, unless there
be an office to fill. If the act in question is
unconstitutional, then it never became a law, and
all attempts of all persons purporting to act as
judge of said 'County Court at Law' were without
authority of law and utterly void. Norton vs.
Shelby County, 118 U. S. 454, 6 S. Ct. 1121, 30
L. Ed. 178."

Therefore, we are of the opinion that the Bexar County
Hospital Board, organized under Article 4437a, is not a de facto
board, and that its executory contracts are not binding on Bexar
County.

The rule laid down in the Cinder case does not apply to
the executory part of the contract. It probably does apply to
compensation for any services actually rendered, but cannot apply
to any unperformed portion of the alleged contract.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ A. S. Rollins
Assistant

ASR-LR:jrb

APPROVED:
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS